# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DIANE SWINNEY,

   Plaintiff,

v.                No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,
STATE FARM ADJUSTER CODY CHAVEZ,
and JOHN DOES 1-3,

   Defendants.

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** comes before the Court on Defendant State Farm Fire and Casualty Company's Motion for Transfer of Venue.  (Doc. No. 22, filed June 27, 2008).  For the reasons stated below, the Court will **GRANT** the Motion.  This case is **TRANSFERRED** to the United States District Court for the District of Kansas.

**Background**

  Defendant issued an insurance policy covering Plaintiff's home and property.  (Complaint ¶ 4, Doc. No. 1-5, filed March 3, 2008).  On June 30, 2005, a tornado damaged Plaintiff's home and personal property.  (*Id.* ¶ 5).  Plaintiff, a New Mexico resident, sued Defendant for breach of contract, insurance bad faith and breach of fiduciary duties, violation of the New Mexico Insurance Code, and violation of the New Mexico Unfair Practices Act.  (*Id.* ¶¶ 8-36).  Plaintiff seeks at least $548,608.00 for claimed damage under the insurance policy.  (Notice of Removal ¶ 8, Doc. No. 1, filed March 3, 2008).  Defendant removed the case from state court and filed the Motion to Transfer Venue now before the Court.

**Transfer Venue**

Defendant seeks to transfer this action to the District of Kansas pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Defendant asserts that this case might have been brought in the District of Kansas because Plaintiff's allegedly damaged home is located in Kansas and her claims alleging breach of contract and bad faith arose from Defendant's employees working in the Kansas region.  (Memorandum at 4, Doc. No. 23, filed June 27, 2008); 28 U.S.C. 1391(a)(2) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.").  Plaintiff does not dispute that this case might have been brought in Kansas.  (*See* Response, Doc. No. 26, filed July 11, 2008).

 The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient" and "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

**Convenience of the Parties**

Plaintiff was a resident of New Mexico when she purchased the insurance contract, when the loss occurred, and remains a resident of New Mexico to date.  (Response at 3).  Defendant states that nearly all of Defendant's employees who handled and ultimately denied Plaintiff's claims, and who

will participate in this case, are located in Defendant's Kansas region and that "defending this case in the District of New Mexico will require substantial travel and hardship on the part of numerous [employees of Defendant] in order to participate in this case." (Memorandum at 5). While the District of New Mexico would be more convenient for the sole Plaintiff in this case, the Court finds that the convenience of the parties weighs in favor of Defendant because of the *numerous* employees of Defendant that will participate in this case.

**Convenience of the Witnesses**

Defendant asserts, and Plaintiff does not dispute, that all of Plaintiff's potential witnesses, those responsible for the inspection, evaluation and repair of Plaintiff's home in Kansas, are located either in Kansas or the nearby surrounding region. (Memorandum at 7; Response at 3). One of those witnesses is Plaintiff's **s**on who is a named insured on the insurance policy at issue, a resident of the home allegedly damaged by the tornado, and allegedly "spotted" the tornado giving rise to the damage to the home, and resides in Kansas. (Reply at 2). Defendant estimates that if the trial is held in Albuquerque, New Mexico, the witnesses will have to travel: 652 miles for Plaintiff's expert, 800 miles for Defendant's expert, 778 miles for Plaintiff's son, and between 810 and 920 miles for Defendant's employees. (Reply at 3). If this case is transferred to the District of Kansas in Kansas City (the other two Kansas District Court locations are in Wichita and Topeka) Defendant estimates the witnesses would only have to travel: 243 miles for Plaintiff's expert witness, 6 miles for Defendant's expert, 148 miles for Plaintiff's son, and between 17 and 130 miles for Defendant's employees. (*Id.*). The Court finds that the convenience of the witnesses weighs strongly in favor of transferring this case to the District of Kansas.

**In the Interest of Justice**

Defendant asserts that transferring the case to the District of Kansas will serve the interests of justice because: (1) Plaintiff has previously stated that "time is of the essence" in her case and statistics compiled by the Federal Judiciary reveal that for 2007 the median time from filing a civil case to its disposition is 8.3 months in the District of Kansas compared to 9.3 months for the District of New Mexico, (2) Kansas has a stronger interest than New Mexico in "protecting the interests of persons and businesses" that reside and conduct business in Kansas, and (3) New Mexico law does not apply to any of Plaintiff's claims.  (Mem. at 7-9; *quoting State Farm Auto. Ins. Co. v. Ballard*, 2002-NMSC-30, ¶ 7 (New Mexico interprets "insurance contracts according to the law of the place where the contract was executed.")).

Plaintiff agrees that "Under New Mexico law, when interpreting a contract, the court should look to the law of the place were [sic] the contact [sic] was consummated."  (Response at 4). Plaintiff contends New Mexico law applies and New Mexico is the appropriate venue to apply that law because she signed the necessary forms to bind the contract in New Mexico.  (Response at 4). However, Defendant argues that the forms Plaintiff signed were merely an application for insurance and the insurance contract was not formed until Defendant accepted Plaintiff's application:

> It is well established that the application by the person seeking insurance is not the contract, but is a mere offer or proposal for a contract of insurance, and that before the contract of insurance is effected and any contractual relationship exists between the parties, it is necessary that the application be accepted by the insurer, since insurance companies are not compelled to accept every application presented and may stipulate upon what terms and for what period of time the risk may be accepted.

*Porter v. Butte Farmers Mut. Ins. Co.*, 68 N.M. 175, 179 (1961).  Defendant supports its argument with the affidavit of one of Defendant's agents which states Defendant did not process Plaintiff's application and issue a policy until after Defendant received a roof inspection report for Plaintiff's

4

home.  (Affidavit of Karen Rutledge, Doc. No. 32-2, filed July 25, 2008).

The Court finds that the interest of justice does not weigh in favor of retaining venue in the District of New Mexico.

**Conclusion**

The Court concludes that Defendant has met its burden of establishing that the District of New Mexico is an inconvenient forum and that the balance, based primarily on the convenience of the witnesses, is strongly in favor of transferring this case to the United States District Court for the District of Kansas.  The Court will grant Defendant's Motion.  This case is transferred to the United States District Court for the District of Kansas.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2009.

_____

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199