**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DIANE SWINNEY,

      Plaintiff,

v.                                                     No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,
STATE FARM ADJUSTER CODY CHAVEZ,
and JOHN DOES 1-3,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 103, filed March 4, 2009). For the reasons stated below, the Court will **GRANT** the Motion. The Court's Memorandum Opinion and Order (Doc. No. 100, filed February 25, 2009) transferring this case to the District of Kansas is **VACATED**.

Defendant State Farm Fire and Casualty Co. ("State Farm") filed a motion for transfer of venue to the District of Kansas. (Doc. No. 22, filed June 27, 2008). The Court granted the motion based primarily on the convenience of witnesses, several of which would have to travel between 650 and 920 miles if the trial was held in Albuquerque compared with 6 to 243 miles if the trial was held in Kansas City. (Memorandum Opinion and Order at 3,5, Doc. No. 100, filed February 25, 2009).

Plaintiff asks the Court to reconsider its Order transferring venue. Plaintiff contends that maintaining venue in the District of New Mexico will no longer inconvenience the witnesses because, after the motion to transfer venue was filed, discovery was completed "and most of the depositions that were taken were videotaped for presentation at trial. It is anticipated that both parties will use the video taped depositions rather than call the parties live regardless of where the

trial takes place." (Reply at 3, Doc. No. 108, filed March 31, 2009). Plaintiff raised the issue of the change in status of the convenience of the witnesses through the use of videotaped depositions at trial in her Motion for Reconsideration (Motion at 4). State Farm did not dispute the change in status of the convenience of the witnesses in its Response.

The Court's conclusion that the District of New Mexico was an inconvenient forum was based primarily on the inconvenience of the witnesses having to travel to New Mexico for trial. The use of videotaped depositions eliminates that inconvenience. The Court will grant Plaintiff's Motion for Reconsideration (Doc. No. 100, filed February 25, 2009) and will vacate its Memorandum Opinion and Order (Doc. No. 100, filed February 25, 2009) transferring this case to the District of Kansas. *See Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient" and "[u]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'").

**IT IS SO ORDERED.**

Dated this 15th day of May, 2009.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff*:

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199