**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIANE SWINNEY,

Plaintiff,

v. No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY COMPANY, a foreign corporation, STATE FARM ADJUSTER CODY CHAVEZ, and JOHN DOES 1-3,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion and Memorandum to Strike/Motion In Limine (Doc. No. 92, filed December 22, 2008). For the reasons stated below, the Court will **DENY** the Motion.

Plaintiff alleges that a tornado damaged her home which was insured by Defendant. (Motion at 1). "[T]he tornado struck [her] stone house [and] lifted the roof and rotated it which caused severe damage to the structure of the home to the extent that it is unsafe, uninhabitable and requires substantial repairs." (Motion at 1). According to Plaintiff, Defendant hired an engineer who inspected the home and concluded that the damage to the home was caused by settlement rather than by a tornado. (Motion at 2). Defendant denied Plaintiff's tornado damage claim based on the engineer's report that the damage to the house was caused by settlement which is not covered under the insurance policy. (Motion at 2).

Plaintiff seeks to strike Defendant's meteorological expert witness, Donald Burgess. (Motion at 1). Plaintiff argues that Defendant is attempting to use a meteorological expert to provide

a new and second basis for its insurance claim denial. (Motion at 2). Plaintiff contends that the "mend the hold" doctrine does not permit Defendant to change the basis of its claim denial. (Motion at 3). "[W]here a party gives a reason for his conduct and decision touching anything in a controversy, he cannot, after litigation has begun, put his conduct in another and different consideration. He is not permitted thus to mend his hold." *Irwin v. Sovereign Camp of Woodmen of the World*, 15 N.M. 365 (1910) (*quoting Railway Co. V. McCarthy*, 96 U.S. 258 (1877)). Plaintiff characterizes the "mend the hold" doctrine as stating: "once an insurer has declined to provide coverage on one ground, the insurer will not be allowed to raise another ground as a defense to coverage." (Motion at 4).

Plaintiff also argues that Defendant's Response should be stricken as untimely because it was filed one day late. (Reply at 1). Plaintiff does not show that she was prejudiced by the one-day delay in Defendant's filing of its Response. The Court will not strike Defendant's Response.

Defendant's meteorological expert witness, Donald W. Burgess, is a research scientist and an adjunct professor at the University of Oklahoma in the field of meteorology. (Response at 1, Doc. No. 93, filed January 9, 2009). Defendant asserts that "Professor Burgess' findings directly contradict the Plaintiff's claim that a tornado struck Plaintiff's home." (Response at 2). Defendant "retained Professor Burgess to refute the Plaintiff's claim that a tornado struck the Plaintiff's residence, not to support a 'new' or 'second' basis for the denial of the Plaintiff's claim." (Response at 2).

Plaintiff provides no support from the record for her conclusory statement that Defendant has changed the basis for its denial of her claim and is using Professor Burgess to support a new basis for denial of her claim. She merely states that Defendant "changed the basis of its denial of

[Plaintiff's] claim from engineering to meteorological." (Reply at 2, Doc. No. 96, filed January 26, 2009). The Court finds Plaintiff's argument is without merit. The Court will deny Plaintiff's Motion to Strike Professor Burgess.

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2009.

**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199