**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DIANE SWINNEY,

    Plaintiff,

v.                                                      No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,
STATE FARM ADJUSTER CODY CHAVEZ,
and JOHN DOES 1-3,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant State Farm Fire and Casualty Company's Motion to Strike Plaintiff Diane Swinney's Expert Witness Steven Ortwein (Doc. No. 107, filed March 31, 2009, "Defendant's Motion") and Plaintiff's Motion for Partial Summary Judgment Regarding Tornado Repair/Replacement Payments under Defendant State Farm's Insurance Contract (Doc. No. 110, filed March 31, 2009, "Plaintiff's Motion"). For the reasons stated below, the Court will **GRANT** Defendant's Motion to Strike Plaintiff Diane Swinney's Expert Witness Steven Ortwein and **DENY** Plaintiff's Motion for Partial Summary Judgment Regarding Tornado Repair/Replacement Payments under Defendant State Farm's Insurance Contract (Doc. No. 110, filed March 31, 2009).

**Background**

On May 22, 2008, the Court set case management deadlines with Plaintiff's expert disclosure due on July 22, 2008. (Doc. No. 17 at 2). On July 22, 2008, the Court extended the deadline for Plaintiff's expert disclosure to August 22, 2008. (Doc. No. 30 at 1). On August 22, 2008, Plaintiff

disclosed Donivan Rogers as their "Construction Engineer Expert." (Motion at 1-2). On November 12, 2008, the Parties jointly requested an extension of the discovery deadline to February 2, 2009, but did not request an extension of time to disclose experts. (Doc. No. 85 at 2). The Court granted the motion extending the deadline for discovery to February 2, 2009. (Doc. No. 87 at 2).

On January 26, 2009, Plaintiff submitted her First Amended Rule 26 Expert Disclosure. (*See* Doc. No. 107-4, filed March 31, 2009). Her Amended Expert Disclosure states that she "withdraws Donivan Rogers as an expert witness [because he was not able to complete the requested assignment] and substitutes Steven Ortwein to testify regarding the calculations to repair the Plaintiff's tornado damaged home." (Doc. No. 107-4 at 1).

**Defendant's Motion to Strike Plaintiff's Expert Witness Steven Ortwein**

Defendant seeks to strike Plaintiff's Expert Witness Steven Ortwein because Plaintiff's disclosure of Ortwein was untimely and her disclosure does not comply with the written report requirements of Fed. R. Civ. P. 26. (Defendant's Motion at 5)

Plaintiff's disclosure of Mr. Ortwein was untimely. Plaintiff disclosed Mr. Ortwein as her expert approximately five months after the deadline for disclosing her experts and one week before the termination of discovery. Plaintiff did not seek an extension of time for disclosure of experts or discovery.

Defendant contends that Plaintiff's disclosure of Mr. Ortwein does not comply with Rule 26 because his expert report "merely contains conclusory statements and does not: 1) contain a complete statement of all opinions and the basis and reasons for them; 2) the data or other information considered by the witness in forming them; and 3) Mr. Ortwein's qualifications, or any information to substantiate the Plaintiff's assertions that Mr. Ortwein is a 'Construction Expert.'"

(Defendant's Motion at 4).

The Court has reviewed the report accompanying Plaintiff's disclosure of Mr. Ortwein as a construction expert witness. (*See* Plaintiff's 1st Amended Rule 26 FED. R. CIV. P. Expert Disclosures, Doc. No. 107-4 at 4-11). The 11-page report consists of a transmittal letter, a three-page cost proposal for structural repairs, a one-page "Statement of Opinions," and three schematic drawings. Mr. Ortwein's Statement of Opinions states "My opinion was developed based on the 'Structural Engineers Investigation Report' dated October 1, 2007 and a site visit conducted January 16, 2009." (Doc. No. 107-4 at 8). Although not explicitly identified, Mr. Ortwein's opinion appears to be the cost to make structural repairs to Plaintiff's house. Mr. Ortwein's proposal breaks down the $155,639.00 repair cost into the following categories:

Base Bid - Breakdown

| General Requirements | $17,845.00 |
| Existing Conditions | $ 4,891.00 |
| Wood, Plastic, Composites | $16,652.00 |
| Finishes | $25,982.00 |
| HVAC | $ 1,525.00 |
| Electrical | $ 2,285.00 |

Option 1: Floor Leveling

| General Requirements | $12,860.00 |
| Concrete | $27,636.00 |
| Earthwork | $45,963.00 |

Ortwein's report does not explain how he estimated the costs of repair, nor does it include the time, labor rates and types/costs of materials to make those repairs.

The Court will strike Mr. Ortwein as an expert witness because Plaintiff's disclosure of Ortwein was untimely and her disclosure did not comply with the written report requirements of Fed. R. Civ. P. 26. "If a party fails to provide information or identify a witness as required by Rule

3

26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 26(a) requires that a "party must make [expert witness] disclosures at the times . . . that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Plaintiff did not disclose Ortwein until approximately five months after the Court's deadline for disclosing her experts and a week before the close of discovery. *See Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 894-895 (10th Cir. 2006) ("Because [party] did not comply with the court's scheduling order, the district court properly excluded [the party's] accident reconstruction expert as untimely disclosed.").

Rule 26(a) also requires that disclosure of an expert witness "must be accompanied by a written report" which "must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the data or other information considered by the witness in forming them; . . . ." Fed. R. Civ. P. 26(a)(2)(B). "The purpose of a detailed and complete expert report as contemplated by Rule 26(a) ... is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de P.R.*, 248 F.3d 29, 35 (1st Cir. 2001). Mr. Ortwein's written report did not contain a complete statement of the basis and data he considered to estimate the costs of repairs.

Plaintiff argues that her late disclosure resulted from her original construction expert informing her that he would be unable to work with her. (Response at 2). Plaintiff should have sought an extension for the deadlines to disclose experts and to complete discovery. Plaintiff argues that Defendant had five days before the end of discovery in which to take Mr. Ortwein's deposition. (Response at 1). However, the short amount of time between her disclosure and the close of

4

discovery, along with the incomplete expert report, would not allow Defendant to effectively prepare for the deposition. Plaintiff now states, on April 14, 2009, that she has no objection to Defendant taking his deposition. (Response at 7). Allowing Defendant to take Mr. Ortwein's deposition now does not cure the deficiencies in his expert report. Furthermore, Plaintiff has indicated to the Court that she wants to proceed with mediation, and proceed to trial if the case is not settled, "at the Court's earliest convenience." (Letter from Steve Vogel to the Honorable Martha Vázquez, dated May 22, 2009; Pretrial Order at 12, Doc. No. 136, filed June 25, 2009). The Court, finding that Plaintiff's failure to comply with Rule 26 expert disclosure requirements is not substantially justified or harmless, will not allow Plaintiff to use Mr. Ortwein or his report at trial.

**Plaintiff's Motion for Partial Summary Judgment Regarding Tornado Repair Costs**

Plaintiff seeks an order stating that the cost of repair/replacement of Plaintiff's home is $155,639.00. (Plaintiff's Motion at 6). That amount is based upon Mr. Ortwein's inspection of Plaintiff's home and review of a structural engineering report prepared by Larry Vorba. (Plaintiff's Motion at 1).

Plaintiff argues that she is entitled to summary judgment on the amount of damages because the only report from a contractor establishing repair costs in this case is from Mr. Ortwein. (Plaintiff's Motion at 1). Mr. Ortwein's repair cost is his expert opinion. *See* FED. R. EVID. 702 (if technical knowledge will assist the trier of fact to determine a fact in issue, an expert witness may testify thereto in the form of an opinion). However, the jury is not required to accept an expert's opinion. *See* 5th Cir. Pattern Jury Instructions (Civil) § 2.19 (2006) (as with any other witness, it is up to the jury to decide whether to rely upon an expert's testimony).

The fact that Mr. Ortwein's report is the only report establishing repair costs does not demonstrate that Plaintiff is entitled to judgment as a matter of law. "[S]ummary judgment is

'appropriate' under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

Plaintiff also seeks an order stating that the cost of repair of her garage that was paid by her is $1,129.00. (Motion at 6). Plaintiff attaches a copy of a letter she sent to Defendant requesting reimbursement of $1,129.00 for repair costs "for damages sustained by the property during the violent storm and tornado that occurred at [her property] on June 30, 2005." (Doc. No. 110-2, filed March 31, 2009). Plaintiff provides no facts, other than her letter, to support her contention that the damage resulted from the storm/tornado.

The Court will deny Plaintiff's Motion for Partial Summary Judgment Regarding Tornado Repair Costs because it is striking Mr. Ortwein as an expert witness and because Plaintiff did not meet her initial burden of showing that there is no genuine issue as to any material fact and that she is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c).

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2009.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

*Attorneys for Plaintiff:*

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199