IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DIANE SWINNEY,

      Plaintiff,

v.                                                                                          No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,
STATE FARM ADJUSTER CODY CHAVEZ,
and JOHN DOES 1-3,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Declare Applicability of New Mexico Law under Choice of Law Analysis (Doc. No. 105, filed March 18, 2009, "Plaintiff's Motion") and on Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment as to Plaintiff's Claims under New Mexico Law or in the Alternative Motion for Application of Kansas Law (Doc. No. 112, filed March 31, 2009, "Defendant's Motion"). For the reasons stated below, the Court will **DENY** the Motions.

**Background**

Plaintiff, a New Mexico resident, owns a home in Kansas which was insured by Defendant, a foreign corporation with its principal place of business in Illinois. (Complaint, Doc. No. 1-5, filed March 3, 2008; Defendant's Motion at 1-2). Plaintiff alleges that her home in Kansas was damaged by a tornado and that Defendant failed to pay her damage claim thereby breaching the insurance contract and its fiduciary duties, and violating the New Mexico Insurance Code and the New Mexico Unfair Practices Act. (*See* Complaint, Doc. No. 1-5, filed March 3, 2009).

**Defendant's Motion**

Defendant seeks summary judgment on all of Plaintiff's claims under New Mexico law on the ground that New Mexico law is not applicable to those claims. (Defendant's Motion at 2). In the alternative, Defendant asks the Court to apply Kansas law to Plaintiff's claims and to dismiss her claims under New Mexico law with prejudice. (*Id.*). Defendant bases its argument on the doctrines of *lex loci delicti* (in tort actions the substantive rights of the parties are governed by the law of the place where the wrong occurred) and *lex loci contractus* (insurance contracts interpreted according to the law of the place where the contract was executed). (*Id.* At 4-5).

The Court looks to the conflict of laws rules of New Mexico, "the forum state, to determine which state's laws will be controlling." *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 887-888 (10th Cir. 1991).

"In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi* - that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." *Terrazas v. Garland & Loman, Inc.*, 142 P.3d 374, 377 (N.M. Ct. App. 2006). "The 'place of the wrong' under this rule is 'the location of the last act necessary to complete the injury.'" *Torres v. New Mexico*, 894 P.2d 386, 390 (N.M. 1995).

Defendant does not identify the "last act necessary to complete the injury" or the location of the last act. Defendant simply makes the conclusory statement that "all of the allegedly improper acts occurred outside of New Mexico." (Defendant's Motion at 5). Without knowing the location of the last act necessary to complete the injury, the Court cannot determine which jurisdiction's law applies to the alleged torts in this case.

"When interpreting a contract under the lex loci contractus rule, courts look to the law of the place where the contract was consummated, unless this construction conflicts with the settled public policy of New Mexico." *State Farm Mut. Ins. Co. v. Conyers*, 784 P.2d 986, 991 (N.M. 1989). "A contract is consummated where the last act necessary for its formation was performed." (*Id.*). In some cases, a "contract is made at the place where the last signature affixed." (*Id.*). However, "[i]t is well established that the application by the person seeking insurance is not the contract, but is a mere offer or proposal for a contract of insurance, and that before the contract of insurance is effected and any contractual relationship exists between the parties, it is necessary that the application be accepted by the insurer." *Porter v. Butte Farmers Mut. Ins. Co.*, 360 P.2d 372, 374 (N.M. 1961).

Defendant argues that "the insurance contract at issue was executed and issued in Kansas." (Defendant's Motion at 5). Defendant previously stated, and supported with an affidavit, that the contract was not consummated until it "both received and accepted the roof inspection along with [Plaintiff's] application for insurance." (Defendant's Reply in Support of Motion to Transfer Venue at 5 and Exhibit A, Doc. No. 32, filed July 25, 2008). "Upon receipt of the roof inspection report, [Defendant's agent in Joplin, Missouri] processed [Plaintiff's] application for insurance" thereby suggesting that the contract was consummated in Missouri. (Affidavit of Karen Rutledge ¶¶ 1 and 4, Exhibit A, Doc. No. 32, filed July 25, 2008). Defendant did not attach a copy of the application/contract to its Motion. Nor did Defendant provide an affidavit or other facts indicating whether the last act for contract formation was the "processing" in Missouri or some other act accepting the application in Kansas or other location. Without knowing the location of the last act necessary to form the contract, the Court cannot determine which jurisdiction's law applies to the

3

alleged breach of contract in this case.

Because Defendant failed to meet its "initial burden of presenting evidence to show the absence of a genuine issue of material fact," the Court will deny Defendant's Motion for Summary Judgment.  *See Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1085 (10th Cir. 2008); *see also* FED. R. CIV. P. 56(c) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").

**Plaintiff's Motion**

Plaintiff contends that New Mexico law applies in this case because New Mexico has the greatest interest in resolution of the matters regarding interpretation, application and breach of the insurance contract, tort claims of insurance bad faith and unfair dealing and New Mexico statutory claims protecting Plaintiff. (Memorandum in Support at 1, Doc. No. 106, filed March 18, 2009, "Plaintiff's Mem."). Plaintiff bases her argument on *Ferrell v. Allstate Ins. Co.*, 2008-NMSC-042, which applied the Restatement (Second) of Conflict of Laws (1971) to a multi-state class action. (Plaintiff's Mem. At 2-10).

Plaintiff argues that the analysis in §§ 6 and 188 of the Restatement (Second) apply to this case. (Plaintiff's Mem. at 3). Section 188 lists several factors the Court should take into account with the first of those factors being the place of contracting. *See* Restatement (Second) of Conflict of Laws (1971). Plaintiff contends that the place of contracting is New Mexico because "New Mexico is where the last act necessary for completion of the insurance contract was payment by [Plaintiff] of the premium due, and this act was done in New Mexico." (Plaintiff's Mem. at 3). Plaintiff cites no legal authority for the proposition that the last act necessary for the completion of

the insurance contract is the payment of the premium. As discussed above, the last act necessary for completion of a contract could be the last signature or the acceptance of the application by the insurance company. Plaintiff did not attach a copy of the insurance contract to her Motion or Memorandum.

The remaining factors in Section 188 are place of negotiation of the contract, the place of performance, the location of the subject matter and the domicile of the parties. Plaintiff makes conclusory statements regarding these factors but cites very little or no legal authority supporting those statements. (Plaintiff's Mem. at 3; Plaintiff's Reply at 3-5).

Finally, Plaintiff does not address § 193 of the Restatement (Second) which states:

> The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws (1971); *see also State Farm Mut. Ins. Co. v. Conyers*, 784 P.2d 986, 990 (N.M. 1989) (*citing* Section 193 of the Restatement (Second)).

Plaintiff has not persuaded the Court that New Mexico law applies to this case. The Court will, therefore, deny Plaintiff's Motion to declare New Mexico law applicable to this case.

**Conclusion**

Neither Party has provided sufficient information for the Court to determine which jurisdiction's law applies to the claims in this case. The Court will not act as a party's attorney and make the party's arguments for them. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("the court should not assume the role of advocate"). Doing so would not only consume an inordinate amount of time, but would

result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Mitchell v. City of Moore*, 218 F.3d at 1199. The Parties, therefore, must file new motions regarding the choice of law and address the issues identified in this Memorandum Opinion and Order.

    **IT IS SO ORDERED.**

    Dated this 23rd day of September, 2009.

                                            **MARTHA VÁZQUEZ**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199